Cynthia ARTIS, et al., Plaintiffs,

v.

Ben S. BERNANKE, Chairman of the Board of Governors of the Federal Reserve System, Defendant.

Civil Action No. 01-400(EGS)

United States District Court, District of Columbia.

Signed August 28, 2013

Walter T. Charlton, Walter T. Charlton & Associates, Washington, DC, for Plaintiffs.

John L. Kuray, Joshua P. Chadwick, Board of Governors of the Federal Reserve System, Washington, DC, Kenneth M. Willner, Paul Hastings, LLP, Washington, DC, for Defendant.

## ORDER

Emmet G. Sullivan, United States District Judge

Pending before the Court is plaintiffs' Motion for Reconsideration of the Court's July 8, 2013 Orders pursuant to Federal Rules of Civil Procedure 59(e) and ·60(b) and plaintiffs' Motion to Stay Proceedings pursuant to Federal Rules of Civil Procedure 62(c) and (g). For the reasons explained herein, plaintiffs' motion is **DENIED.**

This is the third motion plaintiffs have filed in connection with their Motion to Compel discovery. On August 17, 2012, plaintiffs filed a Cross-Motion to Compel Discovery in response to defendant's Motion to Compel Discovery. ECF No. 123. In the motion, plaintiffs failed to identify a single discovery request that had been served upon defendant but to which defendant had not properly responded. Rather, plaintiffs argued that defendant had improperly refused to hold an "informal conference" regarding discovery. At the October 10, 2012 hearing, plaintiffs again did not attempt to identify any discovery requests to which defendant failed to respond. For that reason, the Court denied plaintiffs' motion. October 10, 2012 Tr. (ECF No. 170) at 44-45. The Court also rejected plaintiffs' request to compel an "informal conference," noting that no such mechanism existed in the Federal Rules. The Court explained that plaintiffs should have sought to depose defendant's information technology staff during the discovery period, but did not. The Court later granted plaintiffs' request to take an out-of-time 30(b)(6) deposition of a member or members of defendant's information technology department. Because plaintiffs were unable, after several attempts, to serve a properly-tailored Rule 30(b)(6) Notice, the Court granted defendant's Motion for a Protective Order and struck plaintiffs' proposed Rule 30(b)(6) Notice with prejudice. *See* ECF No. 184.

On June 4, 2013, plaintiffs filed a "Second Motion to Compel," essentially repeating the arguments they advanced in their initial motion to compel. Plaintiffs argued that newly discovered evidence demonstrated that certain information had not been produced to plaintiffs. Plaintiffs requested a broad order from this Court compelling defendant to produce all electronically stored data, apparently without any restrictions whatsoever. Plaintiffs repeated their various arguments about what records defendant allegedly has in its possession but again failed to tie any of these records to a proper discovery request to which defendant failed to respond. The Court denied plaintiffs' motion for reconsideration. *See* July 8, 2013 Minute Order.

Plaintiffs' filed the motion currently pending before the Court on August 6, 2013. In the motion, plaintiffs seek reconsideration of the Court's "Minute Orders of July 8th" pursuant to Rules 59(e) and 60(b).[1] Plaintiffs also seek to stay the proceedings in this case pursuant to Rules 62(c) and (g). The Court will address plaintiffs' motion for reconsideration first.

██ Although styled as such, plaintiffs' motion is clearly not one for reconsideration. The motion either raises arguments that should have been, but were not, raised in plaintiffs' underlying motion or their first motion for reconsideration, or merely

---

1. The Court issued two Orders in this case on July 8, 2013, only one of which was a Minute Order. That Order denied plaintiffs' prior motion for reconsideration of their motion to compel. The other Order denied plaintiffs' motion to alter judgment, which sought to challenge the portion of the Court's October 12, 2012 Order that granted defendant's motion to compel discovery. Plaintiffs do not raise any challenges the ruling in the other July 8, 2013 Order, which was docketed as ECF No. 194.

repeats arguments that the Court has already considered and rejected. This approach, pursued by plaintiffs several times in this case, is a waste of judicial resources and the resources of defendant, a government entity. "In this Circuit, it is well-established that 'motions for reconsideration,' whatever their procedural basis, cannot be used as 'an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.'" *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F.Supp.2d 5, 10 (D.D.C.2011) (quoting *SEC v. Bilzerian*, 729 F.Supp.2d 9, 14 (D.D.C. 2010)).

■ Plaintiffs make several arguments in their motion for reconsideration, all of which fail. Plaintiffs argue that the denial of their motion to compel unspecified electronic discovery is in contravention of the "prior Mandate in this case by the Court of Appeals ... [which] set guidelines for production of electronic personnel evidence." ECF No. 196 at 2. The Circuit's Mandate in this case contains no such language, *see* ECF No. 91, and as this Court has previously explained, the Circuit's opinion remanding the case to this Court also does not contain any specific requirements for this case regarding electronic discovery. *See Artis v. Bernanke*, 630 F.3d 1031, 1035 (D.C.Cir.2011) (stating in *dicta* that a statistical analysis of disparities among employees in discrimination cases "[u]sually ... will be possible only after the employees obtain data from their employer, either informally or through discovery"). The issue of electronic discovery was not before the Circuit, and nothing in its opinion suggests that plaintiffs are entitled to discovery without having properly served formal discovery requests on defendant within the class discovery period and in accordance with this Court's orders.

■ Plaintiffs also argue that they have recently "discovered" that defendant has withheld the production of "job codes" from previous data. ECF No. 196 at 2. Specifically, plaintiffs argue that in recent depositions, defendant produced information reflecting that it possessed job code information for certain plaintiffs. Even if this were true, it does not serve as a basis for reconsideration. The Court did not deny plaintiff's motion to compel on the grounds that job code information did not exist or was not in the possession of defendants. The Court denied the motion because plaintiffs failed to set forth any properly-served discovery requests to which defendant failed to respond. Although plaintiffs purport to attach copies of properly-served discovery requests that requested job codes to the pending motion, which is the third attempt by plaintiffs to litigate this specific discovery issue, it is too late. Even if those documents did reflect discovery that was requested but not produced, plaintiffs cannot use a motion for reconsideration to argue issues that could have been raised earlier, but were not. *See Estate of Gaither*, 771 F.Supp.2d at 10. Plaintiffs are not entitled to a third bite at the apple.

The Court also finds no reason to stay the proceedings in this case because the provisions of the Federal Rules cited by plaintiff do not even apply at this stage in the proceedings. *See* Fed. R. Civ. P. 62(c) (setting forth the circumstances under which a court may grant or modify injunctive relief *while an appeal is pending*); Fed. R. Civ. P. 62(g) (setting forth the right of an appellate court to stay proceedings in the district court *while an appeal is pending*). As far as this Court is aware, no appeal of any of this Court's decisions in this case is pending. Accordingly, plaintiffs' motion to stay the proceedings pursuant to Rules 62(c) and (g) is **DENIED**.

In view of plaintiffs' repeated filings, it is hereby **ORDERED** that any future motions for reconsideration or similarly frivolous motions filed by plaintiffs that simply repeat arguments previously considered by the Court or that present arguments that should have been raised earlier will be stricken by the Court.

**SO ORDERED.**